UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDUARDO LUIS LOYO-DURAN,

Petitioner,

v.

WARDEN OF CENTRAL VALLEY ANNEX, *et al.*,

Respondents.

Case No. 1:26-cv-08606-NW

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 2

Petitioner Eduardo Luis Loyo-Duran is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241 and motion for a temporary restraining order in which he seeks his immediate release from custody. *See* ECF Nos. 1, 2. He last entered the United States in 2023, was taken into ICE custody, and then paroled into the United States to await the outcome of his removal proceedings. *See* ECF No. 11-3; ECF No. 11-4 at 1. In April 2026, Petitioner was arrested on assault charges following a dispute with his partner. ECF No. 1 at 2. Petitioner pled guilty to one charge of assault under Texas Penal Code § 22.01(a)(3) and was transferred to ICE custody following his release from county jail in June 2026. *See* ECF No. 13 at 7; ECF No. 11-3 at 2.

Petitioner previously filed a habeas petition arguing that due process required he be released from custody. *See Loyo Duran v. Warden of Central Valley Annex*, Case No. 1:26-CV-06127, ECF No. 1. The Court granted the petition in part, finding that due process required that the Government provide Petitioner the opportunity to challenge the revocation of his parole, and ordering a constitutionally adequate bond hearing. *Loyo Duran v. Warden of Central Valley Annex*, No. 1:26-CV-06127-NW, 2026 WL 2323070, at *2 (E.D. Cal. Aug. 11, 2026). Petitioner

received a bond hearing in August 2026 pursuant to that order. *See* ECF No. 11-5 at 1–4. At that hearing, an immigration judge denied Petitioner's bond request finding that the Government had shown Petitioner was a danger to the community by clear and convincing evidence given his recent criminal conviction. *Id.* at 2–3.

In this subsequent petition and TRO, Petitioner argues that his initial detention under 8 U.S.C. § 1225(b)(2)(A) violated the Immigration and Nationality Act, entitling him to release. ECF No. 1 at 3–4. He further argues that he has been detained without adequate process, in violation of the Fifth Amendment, though he has not alleged any facts suggesting that any due process violation occurred at his Court ordered bond hearing. *Id.* at 5. Respondents oppose relief, arguing that Petitioner must exhaust his administrative remedies by appealing his bond denial to the Board of Immigration Appeals ("BIA") before seeking habeas relief. ECF No. 11 at 2.

Petitioner is not entitled to further habeas relief at this time. As for his claims that he was unlawfully detained in June 2026 under § 1225(b)(2)(A) and has been denied the process he is entitled to under 8 U.S.C. § 1226(a), the Government acknowledges that Petitioner is now detained under § 1226(a) following the Ninth Circuit's ruling in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). ECF No. 11 at 1. Petitioner may request another bond redetermination hearing before an immigration judge pursuant to that statute. *See* 8 C.F.R. § 1003.19(e). Additionally, Petitioner already received a bond hearing following issuance of this Court's prior habeas order.

As to Petitioner's due process claim, Petitioner recently received a bond hearing at which the Government was required to show by clear and convincing evidence that Petitioner's continued detention was justified. *See* ECF No. 11-5 at 1–4. Petitioner has not identified any circumstances suggesting that he was denied adequate process at this hearing. Indeed, the immigration judge produced a reasoned written opinion in which it explained the basis for its dangerousness finding. *Id.* at 2–3. Under these circumstances, the Court cannot find that Petitioner's continued detention amounts to a constitutional violation.

For the foregoing reasons, the petition is DENIED without prejudice. Any outstanding motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

**IT IS SO ORDERED.**

Dated: November 18, 2026

Noël Wise
United States District Judge